13-2220
Xu v. Lynch

BIA
Morace, IJ
A089 080 556

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of September, two thousand fifteen.

PRESENT:
    DENNIS JACOBS,
    DEBRA ANN LIVINGSTON,
    SUSAN L. CARNEY,
        *Circuit Judges.*
_____

GI FU XU,
        *Petitioner,*

    v.                                    13-2220
                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Giacchino J. Russo, Flushing, New
                       York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Terri J. Scadron, Assistant
                       Director; Hillel R. Smith, Attorney;

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Gi Fu Xu, a native and citizen of China, seeks review of a May 8, 2013 order of the BIA affirming the June 1, 2011 decision of an Immigration Judge ("IJ"), denying her asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gi Fu Xu*, No. A089 080 556 (B.I.A. May 8, 2013), *aff'g* A089 080 556 (Immig. Ct. N.Y.C. June 1, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(internal quotation marks omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Here, the agency did not err in concluding that Xu

failed to demonstrate a well-founded fear of persecution on account of her sister's membership in the Chinese Democracy and Justice Party ("CDJP"). Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). To establish a well-founded fear of persecution, an applicant must show that she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

Xu has never asserted that she herself is a member of the CDJP, that Chinese government officials believe that she is involved with the CDJP, or that officials have shown any interest in harming her based on her sister's activities. Therefore, the agency reasonably found her claim of a well-founded fear speculative. *See Lecaj v. Holder*, 616 F.3d 111, 117 (2d Cir. 2010) (finding that a "speculative anxiety" does not make a fear of persecution objectively reasonable); *Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that alien's fear is not objectively reasonable if it lacks "solid support in the record" and is "speculative at best").

Moreover, Xu's claim is further undercut by the fact that her family members have remained in China unharmed since her niece was questioned by police in 2008. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Accordingly, the IJ did not err in finding that Xu failed to establish a well-founded fear of being singled out for persecution on account of her sister's CDJP activities.

As Xu argues, an applicant need not "provide evidence that there is a reasonable possibility he or she would be singled out individually for persecution if . . . [t]he applicant establishes that there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant." 8 C.F.R. § 1208.13(b)(2)(iii)(A). The BIA has provided that a "pattern or practice" of persecution is the "systemic or pervasive" persecution of a group. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005).

The BIA properly declined to address Xu's pattern or practice argument because she did not raise it before the IJ. *See In re J-Y-C-*, 24 I & N Dec. 260, 261 n. 1 (BIA 2007). However, even if this argument were properly before this Court, it fails. Contrary to Xu's contention, neither

the IJ nor the background reports found a pattern or practice of persecution of individuals whose family members are suspected of opposing the government.

Accordingly, because the agency reasonably found that Xu failed to demonstrate a well-founded fear of persecution on account of her sister's CDJP activities, it did not err in denying her applications for asylum and withholding of removal, and for CAT relief, as those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk